IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMS, LLC,

                       Plaintiff,                    OPINION AND ORDER

v.

                                               18-cv-583-wmc

MUZZY, LLC,

                       Defendant.

---

Plaintiff AMS, LLC, filed suit against defendant Muzzy, LLC, alleging that it infringed two of AMS's patents covering bow fishing arrow components -- U.S. Patent No. 6,517,453 (the "'453 patent") and U.S. Patent No. 9,146,085 (the "'085 patent"). Muzzy moved to dismiss AMS's complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) necessary claim elements are "conspicuously absent" from the allegations of infringement, such that AMS's direct and indirect infringement claims are implausible; and (2) AMS failed to sufficiently state a claim for willful infringement. (*See* dkt. ##5, 6.) While Muzzy's motion to dismiss will be granted, plaintiff may have fourteen days to replead.

OPINION

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Rule 12(b)(6) motions in patent cases are governed by the law of the regional circuit, rather than the Federal Circuit. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *Niazi v. Pressure Prod. Med. Supplies, Inc.*, No. 16-cv-670-jdp, 2017 WL 108114

(W.D. Wis. Jan. 11, 2017), and *Palmer Hamilton, LLC v. AmTab Mfg. Corp.*, No. 16-cv-522-jdp, 2016 WL 6775458 (W.D. Wis. Nov. 15, 2016).

## I. Direct Infringement Claims

As an initial matter, a plaintiff is not required to plead direct patent infringement on an element-by-element basis. *Palmer Hamilton*, 2016 WL 6775458, at *1. Generally, identifying the claims asserted and the accused products will be sufficient to get over the low hurdle of plausibility. *Id.* However, a patent plaintiff must have a "good faith basis for bringing suit in the first place," meaning that the plaintiff must "have conducted an element-by-element analysis of the accused instrumentality before filing a complaint." *Id.* Accordingly, there *may* be grounds for dismissal where an element is "conspicuously absent" from a complaint or infringement is otherwise implausible on the face of the complaint and patent claims. *Id.* Here, Muzzy argues that AMS's complaint conspicuously lacks a necessary element from each of the two patents-in-suit.

### A. The '453 Patent

Specifically, AMS alleges that Muzzy infringed Claim 14 of the '453 patent, either literally or under the doctrine of equivalents. (Compl. (dkt. #1) ¶ 19.) Claim 14 requires "a slide stop *having a pad* to absorb the impact of the slide when the slide slides back." ('453 patent (dkt. #1-1) 6:23-24 (emphasis added).) In its complaint, AMS states that "these claim elements are satisfied by the stop and screw that accompany Muzzy's Bottle Slide, as shown below." (Compl. (dkt. #1) ¶ 11.)





(*Id.* at 4.) While this picture plainly depicts three unidentified, disassembled parts that would appear to be part of Muzzy's Bottle Slide, the final object is not identified. More importantly, conspicuously absent from the complaint is *any* allegation that Muzzy's Bottle Slide also includes a pad.

Although an element-by-element pleading is not required, a claim for literal infringement requires every limitation set forth in a claim to be found in an accused product exactly. *Atlas IP, LLC v. City of Naperville*, No. 15 C 10744, 2016 WL 3907029,

3

at *3 (N.D. Ill. Jul. 19, 2016). Furthermore, a claim for infringement under the doctrine of equivalents requires that the accused product contain an equivalent for each limitation not literally satisfied by the accused product. *Id*. As a result, Muzzy's argument that an element of Claim 14 is conspicuously absent would appear to be valid, or at least sufficiently plausible to call into question plaintiff's ability to plead otherwise in good faith. Indeed, the absence of any affirmative assertion that a pad is present in the accused product is highlighted by the fact that AMS *explicitly* mentions the use of a "stop" and "screw" in Muzzy's bottle slide.

Of course, it may very well be that Muzzy's product contains a pad, but it is reasonable to direct the plaintiff to either plead the presence of a pad or allege its equivalent is present in the accused product if for no other reason than the efficient administration of justice. Fed. R. Civ. P. 1. Accordingly, AMS will be granted leave to amend the complaint to plead the presence of a pad or its equivalent in one or more of Muzzy's products or show good cause why dismissal of its infringement claims under the '453 patent is not appropriate at this time.

### B. The '085 Patent

AMS also alleges that Muzzy infringed Claim 1 of the '085 patent, either literally or under the doctrine of equivalents. (Compl. (dkt. #1) ¶ 34.) Claim 1 requires "an eye portion attached to an arm portion . . . wherein the arm portion extends from the eye portion *at an offset from a line of radius of a center of the hole* so that the arm portion is removed from interference." ('085 patent (dkt. #1-2) 6:54-59 (emphasis added).) In the complaint AMS says Claim 1 requires that "when the arrow tip is in the forward position, an arm

4

portion of the arrow barb is removed from interference with the rear edge of the arrow tip when the barb is in the forward position." (Compl. (dkt. #1) ¶ 17.)  Moreover, AMS alleges these elements are "functionally" included in Muzzy's Iron Barb "as shown" in an attached picture. (*Id.* ¶ 17.)



(*Id*. at 7.)  However, again conspicuously absent from the complaint is any allegation that Muzzy's product includes an eye portion extending at "an offset from a line of radius of a center of the hole."

Muzzy argues this allegation is absent because the accused product, its "Iron Barb" lacks this element entirely and, therefore, cannot plausibly infringe the '085 patent. (Def.'s Mot. Dismiss Br. (dkt. #6) 19.)  As discussed above, the conspicuous absence of a necessary element is a deficiency that must be corrected.  Accordingly, AMS will likewise be given leave to plead that this element or its equivalent is present in the accused product or show good cause why its claims of infringement should not be dismissed under the '085 patent.

## II. Contributory Infringement, Inducement, and Willful Infringement

Finally, Muzzy argues that because AMS cannot establish a claim of direct infringement, its claims for contributory infringement and inducement should likewise be dismissed. (Def.'s Mot. Dismiss Br. (dkt. #6) 22.) Certainly, *both* forms of indirect infringement require that a plaintiff also establish direct infringement. *See Niazi*, 2017 WL 108114, at *2. Because the court is permitting AMS to replead to fix the alleged infirmities in its direct infringement claims, it will also dismiss without prejudice plaintiff's allegations regarding indirect infringement. Likewise, the court will dismiss without prejudice plaintiff's allegations about willful infringement.[1]

### ORDER

IT IS ORDERED that:

1) Defendant Muzzy's motion to dismiss for failure to state a claim (dkt. #5) is GRANTED.

2) Plaintiff AMS may have fourteen days to replead or show cause why its complaint should not be dismissed in whole or in part.

3) Defendant Muzzy may then have twenty-one days to answer, move or otherwise respond.

Entered this 29th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] While the court will require plaintiff to replead here, it remains convinced that a motion to dismiss is typically an inefficient and ineffective way to proceed. Indeed, that may ultimately prove to be the case even with respect to this seeming exception to that rule.